female co-worker. The employer discharged claimant. Review of the record supports the Board's finding that such harassment occurred and that it constituted misconduct. We therefore affirm.

Cardona, P. J., Mercure, White, Casey and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of the Claim of CARLOS DE JESUS, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [621 NYS2d 932] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 29, 1993, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Upon review of the record, we find that there is substantial evidence to support the Board's decision that claimant left his position as a parking lot attendant without good cause for personal and noncompelling reasons. Significantly, claimant testified at his hearing that he left his employment because of a change in his work schedule and he knew that he was not being discharged. We note that the number of hours claimant was to work would have remained the same and claimant failed to demonstrate that his refusal to accede to the employer's proposed schedule change was based on any compelling circumstances. Accordingly, we find no reason to disturb the Board's decision.

Mikoll, J. P., Mercure, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of CHARLES LAFFIN, Petitioner, v H. CARL MCCALL, as Comptroller of the State of New York, Respondent. [621 NYS2d 929] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for accidental disability retirement benefits.

Respondent found that petitioner's alleged injury was not the result of a sudden, fortuitous mischance which was unexpected or out of the ordinary. Instead, respondent determined that it resulted from a risk inherent in the task petitioner was performing while he was employed as a police officer. Accordingly, respondent concluded that the injury did not constitute an accident within the meaning of the Retirement and Social Security Law. Because this determination denying petitioner's

application for accidental disability retirement benefits is supported by substantial evidence, it must be upheld.

Mikoll, J. P., Mercure, Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.